1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11

| DEWONE TYRONE SMITH, | ) | Case No. CV 06-4193 SVW(JC) |
|---|---|---|
| Plaintiff, | ) ) ) | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| v. | ) ) | |
| J. GENTRY, et al., | ) ) | |
| Defendants. | ) ) | |

16

On August 25, 2006, plaintiff Dewone Tyrone Smith ("plaintiff"), who was
then in custody, is proceeding *pro se*, and has been granted leave to proceed *in
forma pauperis*, formally filed a Civil Rights Complaint.  (Docket No. 6).

On October 3, 2006, the assigned Magistrate Judge issued an Initial Order
Re: Civil Rights Cases which, among other things, notified plaintiff that as long as
this action is pending, he must immediately notify the Court if his address changes
and must provide the Court with the new address and its effective date.  (Docket
No. 8).  Such Order also cautioned plaintiff that his failure to provide the Court with
his current address, may result in a dismissal of the case for want of prosecution.
(Docket No. 8) (citing Local Rule 41-6).

On March 12, 2008, plaintiff notified the Court of a change of address,
supplying the address which is currently his address of record.  (Docket No. 16).

1      Plaintiff thereafter filed the operative First Amended Civil Rights Complaint,
2 which again bears his current address of record.  (Docket No. 19).
3      On September 21, 2012, after screening the First Amended Complaint under
4 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c), the
5 Magistrate Judge issued an Order Re First Amended Civil Rights Complaint
6 ("September Order"), advising plaintiff of multiple material deficiencies in the First
7 Amended Complaint and affording plaintiff leave to file a Second Amended
8 Complaint by the deadline specified therein.  (Docket No. 22).  The Clerk
9 concurrently served the September Order upon plaintiff at his current address of
10 record.  (Docket No. 22).
11      On October 1, 2012, the copy of the September Order that had been sent to
12 plaintiff at his current address of record was returned undelivered by the Postal
13 Service.
14      Pursuant to Local Rule 41-6, a party proceeding *pro se* is required to keep
15 the Court apprised of his current address at all times.  Local Rule 41-6 provides in
16 pertinent part:

17      A party proceeding *pro se* shall keep the Court and opposing parties
18      apprised of such party's current address and telephone number, if any,
19      and e-mail address, if any.  If mail directed by the Clerk to a *pro se*
20      plaintiff's address of record is returned undelivered by the Postal
21      Service, and if, within fifteen (15) days of the service date, such
22      plaintiff fails to notify, in writing, the Court and opposing parties of
23      said plaintiff's current address, the Court may dismiss the action with
24      or without prejudice for want of prosecution.

25      In the instant case, more than fifteen (15) days have passed since the
26 September Order was served upon plaintiff and returned.  To date, plaintiff has not
27 notified the Court of his current address.
28 ///

1    The Court has the inherent power to achieve the orderly and expeditious

2 disposition of cases by dismissing actions for failure to prosecute.  See Link v.

3 Wabash R.R., 370 U.S. 626, 629-30 (1962).  In determining whether to dismiss an

4 action for lack of prosecution, a court must consider several factors:  (1) the

5 public's interest in expeditious resolution of litigation; (2) the court's need to

6 manage its docket;  (3) the risk of prejudice to defendants/respondents; (4) the

7 public policy favoring disposition of cases on their merits; and (5) the availability

8 of less drastic alternatives.  Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988);

9 Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).

10    The Court finds that the first two factors – the public's interest in

11 expeditiously resolving this litigation and the Court's interest in managing the

12 docket, weigh in favor of dismissal.  The Court cannot hold this case in abeyance

13 indefinitely based on plaintiff's failure to notify the Court of his correct address.

14 See Carey, 856 F.2d at 1441 ("It would be absurd to require the district court to

15 hold a case in abeyance indefinitely just because it is unable, through plaintiff's

16 own fault, to contact the plaintiff to determine if his reasons for not prosecuting his

17 lawsuit are reasonable or not.").  The third factor, risk of prejudice to defendants,

18 also weighs in favor of dismissal since a presumption of injury arises from the

19 occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West,

20 Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy

21 favoring disposition of cases on their merits, is greatly outweighed by the factors in

22 favor of dismissal discussed herein.  Finally, given the Court's inability to

23 communicate with plaintiff based on his failure to keep the Court apprised of his

24 current address, no lesser sanction is feasible.  See Musallam v. United States

25 Immigration Service, 2006 WL 1071970 (E.D. Cal. Apr. 24, 2006).

26    Accordingly, it is ORDERED that this action is dismissed for lack of

27 prosecution.

28 DATED: October 24, 2012    _____

HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

3